**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| LESTER TAYLOR, | : | **CIV. NO. 19-7254 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Lester Taylor, a prisoner presently confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") brings this civil action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens") and the Federal Tort Claims Act ("FTCA"). (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2), which establishes his financial eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any

claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismiss the Complaint without prejudice.

I.   *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Complaint

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). When Plaintiff was released from a 30-day stay in the Special Housing

3

Unit, he was assigned to a new cell on the third floor. (Compl., ECF No. 1, ¶6.) Plaintiff informed Ms. Short that he had a bottom floor pass from "Medical." (Id.)

Plaintiff realized there was "a problem amongst the [3rd floor] inmates aimed at [him]." (Id.) He asked Ms. Short and Ms. Camp to change his housing assignment. (Id.) Plaintiff was told not to contact "her" again because she could not change his housing. (Id.)

Plaintiff tried to live peacefully but there were constant incidents of contraband in his area which did not belong to him. (Id.) He continually requested to be moved for his own safety and to avoid receiving incident reports for things he was not involved in. (Id.) His requests were continually denied. (Id.) Staff member Mr. Foundren told Plaintiff not to say anything about a bed move. (Id.)

Plaintiff was approached by Inmate Durham and Plaintiff told Durham that he had to move. (Id.) Durham responded, "I'm not the one Taylor," just before Plaintiff was hit from behind, knocked to the floor "and pounded while being accused of being a rat." (Id.) Plaintiff was transferred to the hospital. (Id.) When he returned, he was placed in the Special Housing Unit. (Id.) Plaintiff contends "had the staff members moved me when requested all of this could have been avoided." (Id.)

Plaintiff attached his FTCA claim form to the Complaint. On the claim form, Plaintiff described the basis for his claim:

> Drug in[f]ested environment! Upon being placed in the "Bus Stop" I [k]new the 2nd night it was bad. I sent #2 message[s] (written & electronic) to my Unit Manager Mrs. Sarah Camp, pleading to be removed from [b]ad [environment] even speaking to "No Success." Waiting to be moved from Hostile, Drug Bus Stop, I notice[d] new inmates getting rooms that people in Bus Stop had requested. I immediately brought to [a]ttention of Team; [n]o one would [h]elp. Went to Lieutenant Weinscott and he got me moved. Upon leaving I was beaten by #2 inmates, breaking #4 fingers, busting a blood vessel in [r]ight [e]ye.

(Compl., Ex. D, ECF No. 1 at 15-16.) Plaintiff seeks damages based on negligence by the Bureau of Prisons. (Compl., ECF No. 1, ¶7.) He also asserts jurisdiction under Bivens. (Id., ¶1a.)

B.  FTCA Claim

District courts have exclusive jurisdiction over claims for money damages against the United States for personal injury caused by the negligent or wrongful act of a Government employee while acting within the scope of his/her employment, "under circumstances where the United States if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The sole proper defendant to an FTCA claim is the United States; a

5

federal agency is not a proper defendant. Privolos v. F.B.I., 632 F. App'x 58, 60 (3d Cir. 2015) (per curiam).

There is an exhaustion requirement before bringing an FTCA claim in a district court. Title 28 U.S.C. § 2675(a) states:

> [a]n action shall not be instituted upon a claim against the United States for money damages for … personal injury … caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail….

The FTCA

> provides that a tort claim against the United States "shall be forever barred" unless it is presented to the "appropriate Federal agency within two years after such claim accrues" and then brought to federal court "within six months" after the agency acts on the claim. 28 U.S.C. § 2401(b).

United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1629 (2015). The statute of limitations is subject to equitable tolling. Id.

The only defendant Plaintiff named in the Complaint is the Bureau of Prisons but the only proper defendant is the United States. The Court will dismiss Plaintiff's FTCA claim without prejudice because he did not name the proper defendant.

There is another problem with Plaintiff's FTCA claim. Plaintiff attached his FTCA claim form and denial letter, dated

6

March 23, 2018, to the Complaint. (Compl., Exs. D, E, ECF No. 1 at 16-19.) The statute of limitations required Plaintiff to bring his FTCA claim within six months of the denial letter, by September 24, 2018.[1] Plaintiff signed his Complaint on February 26, 2019 and it was filed in this Court on February 28, 2019. (Compl., ECF No. 1 at 8.) Plaintiff's FTCA claim is barred by the statute of limitations, unless he can establish a basis for equitable tolling. See Kwai Fun Wong, 135 S. Ct. at 1633. The Court will dismiss this claim without prejudice.

C. Bivens Claim

Plaintiff's Bivens claim falls under the Eighth Amendment Cruel and Unusual Punishments Clause for failure to protect him from harm by other inmates. The Federal Bureau of Prisons is immune from suit for money damages under Bivens. See F.D.I.C. v. Meyer, 510 U.S. 471, 485 (1994) ("[i]f we were to imply a damages action directly against federal agencies ... there would be no reason for aggrieved parties to bring damages actions against individual officers. [T]he deterrent effects of the Bivens remedy would be lost")) (alterations added). The appropriate defendants are the

---

[1] September 23, 2018 fell on a Sunday. See Fed. Rul. Civ. P. 6(a)(1)(C) ("Computing Time. The following rules apply … include the last day of the period, but if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.")

7

individual federal employees who allegedly caused Plaintiff's injury, whom Plaintiff has not named as defendants here. See Iqbal, 556 U.S. at 676 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")

Even if Plaintiff sues a proper defendant, his allegations are insufficient to state an Eighth Amendment claim. To state an Eighth Amendment failure to protect claim, a plaintiff must allege that: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012). The first element is viewed objectively, whether the defendant "knowingly and unreasonably disregarded an objectively intolerable risk of harm." Beers-Capitol v. Whetzel, 256 F.3d 120, 132 (3d Cir. 2001). The second element is viewed subjectively, "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Id. at 125.

Plaintiff's allegations are too vague to establish an objectively intolerable risk of harm. Plaintiff alleged only that he recognized there "was a problem amongst the inmates aimed at me." Plaintiff also was concerned about contraband in his living

8

area that did not belong to him, but he did not describe the contraband or how the presence of the contraband posed a substantial risk of serious harm to him. Without further allegations from Plaintiff, the Court cannot determine that there was a substantial risk of serious harm.

Plaintiff's allegations concerning prison employees' knowledge of an excessive risk to his safety are also insufficient. The fact that prison staff denied Plaintiff's request for a change in housing and Plaintiff was later beaten by other inmates is insufficient to show a particular defendant was deliberately indifferent to an excessive risk to Plaintiff's safety. The Court will deny Plaintiff's Bivens claim without prejudice. To cure the defect in his Bivens claim in an amended complaint, Plaintiff must name a proper defendant and allege additional facts describing the excessive risk to his safety and the defendant's knowledge of such risk.

III. CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice.

An appropriate order follows.

DATE: May 3, 2019

                        s/Renée Marie Bumb
                        **RENÉE MARIE BUMB**
                        **United States District Judge**