**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

LESTER TAYLOR, : **CIV. NO. 19-7254 (RMB)**
:
        Plaintiff :
:
   v. : **OPINION**
:
FEDERAL BUREAU OF PRISONS, :
:
        Defendant :
_____

**BUMB, DISTRICT JUDGE**

Plaintiff Lester Taylor, a prisoner presently confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") brought this civil action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens") and the Federal Tort Claims Act ("FTCA"). (Compl., ECF No. 1.) On May 3, 2019, the Court granted Plaintiff IFP status under 28 U.S.C. § 1915, and screened the complaint, dismissing it without prejudice because (1) Plaintiff's FTCA claim was barred by the statute of limitations; and (2) Plaintiff failed to allege sufficient facts to state an Eighth Amendment failure to protect claim under Bivens. (Opinion, ECF No. 3; Order, ECF No. 4.)

On August 12, 2019, the Court received a letter from Plaintiff, with an attached exhibit, which the Court construes as an amended complaint. (Am. Compl., ECF No. 8.)

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismiss the amended complaint without prejudice.

I.   *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness

2

in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

Plaintiff does not attempt, in the amended complaint, to establish equitable tolling of the statute of limitations for his FTCA claim. For his Bivens claim, Plaintiff alleges he informed staff that he was being harassed and put in a bad situation. (Am. Compl., ECF No. 8 at 2.) Plaintiff, however, does not explain how he was harassed or put in a bad situation or by whom. Plaintiff alleges that he tried to live peacefully in his housing assignment but every week the C.O. found homemade brew in the locker beside his, and Plaintiff told the C.O. it did not belong to him. (Id. at 7.) Plaintiff does not allege that he informed staff of any threats made against him by the owner of the homemade brew. Plaintiff alleges that he pursued a new housing assignment and it was granted after thirty days, but on the day that he moved, he was attacked by another inmate who called him a rat. (Id. at 8.) Plaintiff does not explain how the attack was related to anything that he warned staff about.

These facts are insufficient to establish that a defendant "'knowingly and unreasonably disregarded an objectively intolerable risk of harm.'" Wood v. Detwiler, --F. App'x--, 2019 WL 4110559 (Aug. 29, 2019) (quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 132 (3d Cir. 2001) (emphasis in Wood). In an abundance of caution, the Court will dismiss the amended complaint without

4

prejudice to give Plaintiff an opportunity to establish equitable tolling of his FTCA claim or to allege new facts suggesting a particular defendant had reason to know of a substantial risk to Plaintiff's safety.

III. CONCLUSION

For the reasons stated above, the amended complaint is dismissed without prejudice.

An appropriate order follows.

DATE: September 10, 2019

                                     s/Renée Marie Bumb
                                     **RENÉE MARIE BUMB**
                                     **United States District Judge**